and the case was ordered submitted thereon at the January, 1918, call of the calendar.

Appellant has not called our attention to any error by assignment, brief, or otherwise. We have carefully examined the information, the transcript of testimony and the instructions of the court for fundamental error and, finding none, the judgment is affirmed.

---

[Criminal No. 449. Filed April 18, 1918.]

[171 Pac. 492.]

D. B. BACA, Appellant, v. STATE, Respondent.

APPEAL from a judgment of the Superior Court of the county of Apache. George H. Crosby, Jr., Judge. Affirmed.

Mr. George Estes, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. G. W. Harben and Mr. L. B. Whitney, Assistant Attorneys General, for the State.

PER CURIAM.—Appellant was convicted of selling intoxicating liquors. The record is all that we have before us. A careful examination of it discloses no error. The judgment of conviction is affirmed.

---

[Criminal No. 450. Filed April 18, 1918.]

[171 Pac. 492.]

D. B. BACA, Appellant, v. STATE, Respondent.

APPEAL from a judgment of the Superior Court of the county of Apache. George H. Crosby, Jr., Judge. Affirmed.

Mr. George Estes, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. G. W. Harben and Mr. L. B. Whitney, Assistant Attorneys General, for the State.

PER CURIAM.—Appellant was convicted of selling intoxicating liquors. The record is all that we have before us. A careful examination of it discloses no error. The judgment of conviction is affirmed.

---

[Civil No. 1575.   Filed May 8, 1918.]

[172 Pac. 656.]

P. PASTENE & COMPANY, INC., a Corporation, Appellant, v. FIRST NATIONAL BANK OF NOGALES, a Corporation, Garnishee, Appellee.

1. BANKS AND BANKING — APPLICATION OF DEPOSITS TO DEBTS DUE BANK.—A bank and its depositor could validly agree, as a consideration for further credit to the depositor, that the bank might apply all funds from whatever source received to the depositor's account, to the satisfaction of any indebtedness due or to become due from the depositor.

2. CARRIERS—BILLS OF LADING—RIGHTS OF TRANSFEREE.—Where a borrower, being heavily indebted to a bank, had agreed that the proceeds of shipments by it were to be applied on such indebtedness and the borrower had sent the bank a draft on consignee of goods sold with bill of lading attached, the bank, since it had the right to hold the bill of lading as collateral security for payment of the draft, had a special interest in the consigned property to the extent of the amount of the draft, taking precedence over an attachment under writ of garnishment on judgment against the shipper.

[As to assignees of bills of lading and their rights and liabilities thereunder, see note in 105 Am. St. Rep. 332.]

APPEAL from a judgment of the Superior Court of the county of Santa Cruz. W. A. O'Connor, Judge. Affirmed.

Mr. John H. Campbell, for Appellant.

Messrs. Barry & Barry, and Mr. S. M. Franklin, for Appellee.

FRANKLIN, C. J.—The appellant had a judgment for a large amount of money against M. James & Co., Successors, and Augustin Beraud and Emilio Beraud, which judgment